## JOSEPH O. PROCTOR *vs.* EASTERN RAILROAD COMPANY.

A railroad corporation, whose road ended in Boston, received at a way station goods addressed to St. Louis, which it agreed to convey to Boston and forward thence by the Merchants' Express, which was a line of transportation from Boston to the West. But instead of delivering them to the Merchants' Express at Boston, it forwarded them to New York by other carriers, who there delivered them to a company styled the Merchants' Express and Transportation Company, which conveyed them thence to St. Louis, at a cost greater than would have been the cost of their transportation thither by the Merchants' Express. *Held*, that the railroad corporation was liable to the consignor of the goods for the difference in cost; and that it was immaterial that its general freight agent was ignorant of the Merchants' Express line from Boston, and failed to be informed of it upon inquiring of several persons.

CONTRACT for negligently miscarrying 272 kits of mackerel; with a count in tort for their conversion. Writ dated January 24, 1867. The declaration alleged that the defendants, as common carriers for hire, received the mackerel from the plaintiff at Gloucester on July 16, 1866, to be transported by them thence to Boston "and there delivered for the plaintiff to other common carriers, to wit, the Merchants' Express, and forwarded by way of said Merchants' Express line to St. Louis" in Missouri; and that through the defendants' negligence the mackerel were miscarried, and were lost to the plaintiff. The answer admitted that the defendants were owners of a railroad and common carriers for hire between Gloucester and Boston, and as such received the mackerel from the plaintiff, and undertook to carry

them to Boston and there deliver them to the Merchants' Express line, being other common carriers ; but denied " that they undertook any other duty, or to do any other thing with regard to said mackerel, or that they had any concern with the future disposition or carriage of them ; " and alleged that they performed their full duty with regard to the mackerel, and delivered them as they agreed to do.

At the trial in the superior court, before *Brigham,* C. J., the plaintiff proved that he delivered the mackerel to Joseph Sayward, the defendants' agent, at Gloucester, on the day alleged, to be forwarded to the Merchants' Express at Boston for transportation to St. Louis, and took from the agent a receipt signed by him in these terms : " Eastern Railroad. Gloucester Branch. Gloucester, July 16, 1866. Received of Joseph O. Proctor 272 kits mackerel. Marks and numbers. P. G. & Co., St. Louis, Mo. Merchants' Express ; " and that each kit was marked as described in the receipt. He then proved declarations of William J. C. Kenney, the general freight agent of the defendants, made to the plaintiff on or about July 24, to the effect that " he had sent the mackerel by the Old Colony Railroad to New York to be forwarded ; that he had made a mistake and did not know that there was any such line from Boston as the Merchants' Express ; " and called as a witness the general freight agent of the Old Colony and Newport Railway Company, who testified that the mackerel were forwarded from Boston to New York over the railroad of that company, on July 17 or July 18, 1866, and that he procured from Messrs. Mangam & Tiers, the forwarding agents of that company in New York, and delivered to Kenney, on or about July 25, the following receipt : " Merchants' Express and Transportation Company, Express Forwarders. New York, July 19, 1866. Received of Mangam & Tiers 272 kits, value not given, marked P. G. & Co., St. Louis, Mo. Back Charges, $26.82. Freight, $5.50 per 100 lbs. For the Company, Westcott." And he further proved that, after this, and after the mackerel had arrived at St. Louis, he went with Kenney, by Kenney's request, to the office of the Adams Express Company in Boston, to ascertain if some abatement could not be made in the freight charges on

the mackerel from New York to St. Louis, by reason of their having been sent by way of New York by mistake ; that the charges of the Old Colony and Newport Railway Company for the freight from Boston to New York were ten cents per kit, and the charges of the express forwarders from New York were $5.50 per cwt. He also introduced evidence to the effect that the Merchants' Express was the name of a "line of transportation or route" over several connecting railroads, beginning with the Boston, Lowell and Nashua Railroad, and extending across New Hampshire, Vermont and Canada, from Boston to Detroit and "all points west;" that the railroad of the Old Colony and Newport Railway Company was not one of these roads, but ran in a different direction ; that the corporations owning or managing the various railroads constituting the line established it by joint arrangement, and employed one Millis as general agent and one Bond as clerk for it at Boston, where Millis and Bond had an office, and in the course of their business gave receipts and bills of lading for goods received for transportation over the line (copies of the forms of which receipts and bills, bearing the caption "Merchants' Express, Fast Freight Line," and setting forth rules and regulations of the railroad companies concerning freighting over the line, were put in evidence) ; that there was no other Merchants' Express line in Boston before or since July 1866 ; that the freight charges on the mackerel by this line from Boston to St. Louis would have been $92\frac{1}{2}$ cts. per cwt. ; and that the plaintiff demanded of Kenney to pay him the difference between the freight computed at that rate, and the freight charges which actually accrued, and offered on receipt of such payment to defray those charges and accept the mackerel at St. Louis.

The defendants offered to prove that the end of their road was in Boston, and their freight-house, to which all their inward freight was carried, was in East Boston ; that they owned no teams, and did not team any freight themselves from their freight-house ; that, on receipt of the kits of mackerel, which were marked as described, and way-billed in the same manner, Kenney, who had never heard of this Merchants' Express line from Boston, made inquiries of several persons on the subject, and among others

of the general freight agent of the Old Colony and Newport Railway Company, but did not learn of the existence of this line over the Boston, Lowell and Nashua Railroad; and that therefore he forwarded the mackerel to New York, to be sent by the company named in the receipt furnished by Mangam & Tiers. But the judge ruled that these facts, if proved, would not constitute any defence; excluded the evidence; instructed the jury that the plaintiff was entitled to a verdict for the difference between the freight at 92½ cts. and $5.50 per cwt., with interest; and, after the return of a verdict accordingly, reported the case to this court.

*S. Lincoln, Jr.*, (*S. B. Ives, Jr.*, with him,) for the defendants.

*B. H. Smith*, for the plaintiff.

MORTON, J. The defendants agreed to convey the merchandise of the plaintiff over their road to Boston, and there deliver it to the Merchants' Express, a line of transportation from Boston to the West. They admit this in their answer. By their contract, they were to act as common carriers and forwarding agents. *Darling* v. *Boston & Worcester Railroad Co.* 11 Allen, 295. Instead of delivering the merchandise to the Merchants' Express, they delivered it to the Old Colony and Newport Railway Company, by which it was transported to New York, and thence by other carriers to its place of destination, at a cost to the plaintiff much greater than the expense of its transportation would have been if it had been forwarded by the Merchants' Express. The mere statement of the case shows that the defendants failed to perform their contract, to the damage of the plaintiff; and it is clear that the plaintiff is entitled to recover the damages sustained by him by reason of such breach.

The facts that Mr. Kenney, an agent of the defendants, had never heard of the Merchants' Express line from Boston, and that he made inquiries of several persons and did not learn of the existence of this line, furnish no justification to the defendants; and evidence thereof was properly excluded by the court.

*Judgment on the verdict for the plaintiff.*